(No. 4017

KATHRYN S. CLARK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 12. 1947.*

*Petition of Claimant for rehearing denied December 18, 1947.*

CLAIMANT, *pro se.*

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

BERGSTROM, J.

Claimant, Kathryn S. Clark, who filed her claim April 2, 1947 for payment of medical and hospital bills under the provisions of the Workmen's Compensation

Act, was employed by respondent in the Department of Public Aid Commission, Division of Standards and Services.

The record consists of the Complaint, Departmental Report, Stipulation, and Waivers of Brief and Argument by Claimant and Respondent.

Claimant was qualified as Visitor I, and her duties consisted of investigating and determining original and continued eligibility of applicants for various types of public assistance; interviewing applicants, their relatives, and others in connection with investigations and case services, checking various public records, and other information; preparing complete written reports covering case information; preparing assistance budgets according to established policies and recommending assistance awards; interpreting public aid progress to applicants, recipients and other persons and agencies in the community. Her duties required her to travel by automobile and by various forms of public transportation.

On September 25, 1945 claimant, in the performance of her duties, made a visit to the home of Mrs. Effie Bell Warden, an Old Age Pension recipient, in Noble, Illinois, and after completing her visit and while leaving the premises, she slipped on the board walk leading from the home of Mrs. Warden to the sidewalk, breaking her left leg at the ankle. Immediately thereafter she was taken to the Olney Sanitarium, Olney, Illinois, for medical attention and treatment.

Claimant and respondent were operating under the provisions of the Workmen's Compensation Act, and we find that claimant's injuries were sustained through an accident arising out of and in the course of her employment by respondent.

The record shows that claimant was employed July

2, 1945 and was paid the sum of $378.15 for services rendered to September 25, 1945—the date of her incapacity. The record also shows that she was absent from work from the date of her injury, September 25, 1945, to March 31, 1946, and that she received full salary for this period of her total temporary disability.

Under the provisions of the Workmen's Compensation Act, claimant has obviously been overpaid for this period of her total temporary disability, but from the record we are unable to determine the amount she received in salary covering this period, nor does it show the annual earnings which persons of the same class and the same employment as hers received from the Department, as provided in Section 10, Paragraph C of the Act. However, as this claim must be denied for the reasons hereinafter stated, these facts which would otherwise be pertinent, need not be considered.

The only claim made by claimant is for payment of medical care and attendance incurred by her as a result of this injury, namely, $167.50 to Dr. Frank C. Weber, Olney, Illinois, and the sum of $386.95 to The Olney Sanitarium, Inc., Olney, Illinois, for services rendered from September 25, 1945 to July 19, 1946. Claimant was permitted to secure such medical services with the full approval of respondent.

The record shows that claimant was injured on September 25, 1945, and received full salary to March 31, 1946, which was over one year prior to the filing of her complaint on April 2, 1947.

Section 24 of the Workmen's Compensation Act provides that claim must be filed within one year after the date of the accident where no compensation has been paid, or within one year after the date of last payment of compensation where any has been paid. It has been

repeatedly held by this Court, and the Supreme Court, that the making of claim for compensation and filing application therefor within the time fixed by Section 24 of the Workmen's Compensation Act, is a condition precedent without which the Court of Claims does not have jurisdiction to enter an award. As this claim was filed over a year after the accident or the payment of any compensation, it must be denied.

The claim is therefore denied.